IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARLES E. PORTER,
     Petitioner,

vs.                                    Case No.:  5:13cv348/RS/EMT

N.C. ENGLISH, WARDEN,
     Respondent.
_____/

## ORDER and REPORT AND RECOMMENDATION

This cause is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 1).  Respondent filed a response with evidentiary support (doc. 9).  Petitioner filed a reply (doc. 11).  Respondent filed a motion for leave to file a surreply, which the court will grant, as well as a surreply with additional evidentiary support (docs. 13, 14).

This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b).  After careful consideration of the issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.      BACKGROUND

The background facts are established by the evidence submitted by Respondent (docs. 9, 14). On September 6, 2007, Petitioner was arrested and charged in Kentucky state court with Sexual Abuse First Degree, Possession of Marijuana, Possession of Drug Paraphernalia, Possession of Firearm by Convicted Felon, and Possession of Handgun by Convicted Felon (doc. 9, Ex. 1, Declaration of Henry Davis ("Davis Decl.") ¶ 3; doc. 14, Declaration of Bryan Erickson ("Erickson Decl.") ¶ 3).  The same day, September 6, 2007, Petitioner was also detained on charges of violating his three-year Sex Offender Conditional Discharge Supervision, which had been previously imposed by the Kentucky

state court (Davis Decl., ¶ 3; Erickson Decl. ¶ 3).  On December 4, 2007, the Kentucky state court
revoked Petitioner's term of supervision and sentenced him to serve the remainder of his three-year
discharge sentence in the Kentucky Department of Corrections (Davis Decl. ¶ 4; Erickson Dec. ¶ 4).
On January 16, 2008, Petitioner was placed in the custody of the Kentucky Department of Corrections
to begin service of his three-year sentence (Erickson Decl. ¶ 4).  On May 5, 2008, Petitioner was
indicted in the United States District Court for the Western District of Kentucky, Case No. 3:08-cr-44-
JGH-DW, on a charge of Felon in Possession of Firearm, a violation of 18 U.S.C. §§ 922(g)(1),
924(e)(1) (Erickson Dec. ¶ 5).  *See* United States v. Porter, Case No. 3:08-cr-44-JGH-DW,
Indictment (W.D. Ken. May 5, 2008).  On May 8, 2008, the State of Kentucky dismissed the remaining
pending state charges (Sexual Abuse First Degree, Possession of Marijuana, Possession of Drug
Paraphernalia, Possession of Firearm by Convicted Felon, and Possession of Handgun by Convicted
Felon) (*see* doc. 11 at 2; Erickson Dec. ¶ 6).  On July 21, 2008, Petitioner was placed in the
secondary custody of the United States Marshals Service ("USMS"), pursuant to a federal writ of
habeas corpus ad prosequendum, for disposition of the pending federal charge in Case No. 3:08cr-
44-H (Davis Decl. ¶ 5; Erickson Dec. ¶ 7).  *See* Porter, Case No. 3:08-cr-44-JGH-DW, Writ of
Habeas Corpus Ad Prosequendum (W.D. Ken. June 13, 2008).  On June 26, 2009, the federal court
for the Western District of Kentucky adjudicated Petitioner guilty and sentenced him to a term of 180
months of incarceration for Felon in Possession of Firearm (Davis Decl. ¶ 6, Attach. 1; Erickson Decl.
¶ 8, Attach. 1). *See* Porter, Case No. 3:08-cr-44-JGH-DW, Judgment and Commitment Order (W.D.
Ken. June 30, 2008).  The court ordered Petitioner's federal sentence to run concurrently with his state
sentence (Davis Decl. ¶ 6; Erickson Decl. ¶ 8).  *Id.*  On August 20, 2009, Petitioner was returned to
the Kentucky Department of Corrections (Davis Decl. ¶ 7; Erickson Decl. ¶ 9).  On March 1, 2010,
he completed his state term of imprisonment and was released to federal custody to continue service
of his concurrent federal sentence (Davis Dec. ¶ 8; Erickson Decl. ¶ 10).

On July 8, 2009, the United States Department of Justice, Federal Bureau of Prisons ("BOP"),
designated the Kentucky Department of Corrections for service of Petitioner's federal sentence,
effective June 26, 2009, to effectuate the federal court's recommendation that Petitioner's federal
sentence run concurrently with the state sentence he was then serving, pursuant to BOP Program
Statement 5880.28, Sentence Computation Manual (CCCA of 1984), and 18 U.S.C. § 3585(a), (b)

(Davis Decl. ¶¶ 9–13, Attachs. 2–5; Erickson Decl. ¶¶ 11–17, Attachs. 2–6).  Petitioner was not given prior custody credit on his federal sentence for the time period between Petitioner's arrest on September 6, 2007, and the date his federal sentence was imposed on June 26, 2009 (Davis Decl. ¶¶ 13–14; Erickson Decl. ¶¶ 11–17).  However, Petitioner received credit on his state sentence for the period September 6, 2007 to March 1, 2010 (Davis. Decl. ¶ 14).  Petitioner's scheduled release date is July 21, 2022 (Erickson Decl. ¶ 17, Attachs. 2, 6).

In this habeas action, Petitioner seeks credit on his federal sentence for time spent in state custody, pursuant to 18 U.S.C. § 3585(b) (doc. 1 at 3–6).  He requests that this court issue an order directing the BOP to credit his federal sentence for the period September 6, 2007, to March 1, 2010 (*id.* at 6).  Respondent contends Petitioner has received all credit to which he is entitled under federal law (docs. 9, 14).

II.      ANALYSIS

Once a petitioner has exhausted his administrative remedies within the BOP, the district court may review the constitutionality of the BOP's decisions and its statutory construction.  *See* Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995).  The court's analysis, however, is deferential:  if the language of the applicable statutory provision clearly outlines its congressional purpose, an interpreting court and administrative agency "'must give effect to the unambiguously expressed intent of Congress.'"  *Id.* (citing Chevron USA Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842–44, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984)).  If the statute is silent or ambiguous, however, a reviewing court must defer to an agency's reasonable interpretation unless it is "'arbitrary, capricious, or manifestly contrary to the statute.'"  *Id.*

As previously discussed, Petitioner contends he is entitled to credit for the period September 6, 2007, to March 1, 2010, which encompasses the time between the date of his arrest and the date he completed his state prison sentence and was released to federal custody to continue service of his federal sentence.  He argues the BOP is required to give him sentence credit for this period, because the federal court ordered his federal sentence to run concurrently with the undischarged portion of his state sentence (doc. 1 at 3–4, 6; doc. 11).

Section 3585 of Title 18 provides, in relevant part:

(a)     **Commencement of sentence**.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).

Section 3621 of Title 18 provides, in relevant part:

**(a) Commitment to custody of Bureau of Prisons**.—A person who has been sentenced to a term of imprisonment pursuant to the provisions of subchapter D of chapter 227 shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed, or until earlier released for satisfactory behavior pursuant to the provisions of section 3624.

**(b) Place of imprisonment**.—The Bureau of Prisons shall designate the place of the prisoner's imprisonment.   The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—

**(1)** the resources of the facility contemplated;

**(2)** the nature and circumstances of the offense;

**(3)** the history and characteristics of the prisoner;

**(4)** any statement by the court that imposed the sentence—

**(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

**(B)** recommending a type of penal or correctional facility as appropriate; and

**(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(a), (b).  Acting through the BOP, the federal Attorney General initially possesses the exclusive authority to determine when a sentence is deemed to "commence," *see* 18 U.S.C. § 3585(a), and to compute sentence credit awards after sentencing.  United States v. Wilson, 503 U.S. 329, 331, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992) (citing 18 U.S.C. § 3621(a)); Rodriguez, 60 F.3d

at 747.  Additionally, the BOP has the exclusive discretion "to designate any institution where prisoners may be held."  Hogue v. United States, 287 F.2d 99, 101 (5th Cir. 1961).[1]

The BOP has interpreted § 3585 in Program Statement 5880.28, which provides:

> A prisoner who is in non-federal custody at the time of sentencing may begin service of the federal sentence prior to arriving at the designated federal facility if the non-federal facility is designated in accordance with the Program Statement on Designation of State Institution for Service of Federal Sentence and 18 U.S.C. § 3621 (Imprisonment of a convicted person).  This type of designation is ordinarily made only upon the recommendation of the sentencing court.
>
> **In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed.**

(Davis Decl. ¶¶ 9–12, Attach. 4; Erickson Decl. ¶¶ 11–14, Attach. 3).

In Petitioner's case, the federal court imposed the following sentence:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ONE HUNDRED AND EIGHTY (180) MONTHS on Count 1 of the Superseding Indictment.  Said term of imprisonment shall run CONCURRENTLY with the state sentences the defendant is currently serving in case numbers 00-CR-001136 and 01-CR-2410.

(Davis Decl. ¶ 6, Attach. 1; Erickson Decl. ¶ 8, Attach. 1).  When a federal judge orders a federal sentence to run concurrently with a state sentence already imposed, the BOP implements such order ordinarily by designating the state facility as the place to serve the federal sentence.  See United States v. Hardesty, 958 F.2d 910 (9th Cir. 1992); BOP Program Statement 5160.05, pp. 4–9.

Petitioner's assertion that the BOP failed to run his federal sentence concurrent with the undischarged portion of his state sentence is refuted by the BOP's sentence computation documents.  The documents show Petitioner's 180-month federal sentence was calculated as commencing on June 26, 2009, the date it was imposed (Davis Decl. ¶¶ 6, 9–13, Attachs. 1–3; Erickson Decl. ¶¶ 8, 11–17, Attachs. 1, 2, 6).  See Porter, Case No. 3:08-cr-44-JGH-DW, Judgment and Commitment Order (W.D. Ken. June 30, 2008).  The BOP designated the Kentucky Department of Corrections as the facility for service of Petitioner's federal sentence (Davis Decl. ¶ 7, Attach. 2; Erickson Decl. ¶ 14, Attach. 2).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit Court of Appeals issued before the close of business on September 30, 1981.

The BOP thus ran Petitioner's federal sentence concurrently with the portion of his state sentence that remained undischarged at the time of his federal sentencing. This enabled Petitioner to begin serving his federal sentence prior to the date he was actually received in the primary custody of federal officials on March 1, 2010. Petitioner failed to show that the BOP's sentence calculation was arbitrary, capricious, or manifestly contrary to federal statutes. Therefore, he is not entitled to relief on this argument that the BOP failed to run his federal sentence concurrently with his state sentence.

The BOP's calculation of Petitioner's sentence credit is also entitled to deference. Section 3585 speaks not only to the commencement date of a federal sentence, but also to the issue of sentence credit for time spent in detention prior to the commencement date. In this regard, the statute provides:

**(b)    Credit for prior custody**.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

**(1)** as a result of the offense for which the sentence was imposed; or

**(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585 (emphasis added). As the Supreme Court has held, the BOP determines whether the defendant should receive credit for time spent in custody before the sentence "commenced" in accordance with section 3585(b). *See* Wilson, 503 U.S. at 334–35 (BOP determines credit issues, not the district courts). In fact, the federal courts do not have the authority under § 3585 to order the BOP to credit a prisoner with state time served. *See* United States v. Pineyro, 112 F.3d 43, 45 (2d Cir. 1997).

Here, the BOP did not have discretion under § 3585 to grant sentence credit for the period September 6, 2007 to June 25, 2009 (the time between Petitioner's arrest and the commencement of his federal sentence), because he received credit on his state sentence for that period (*see* Davis. Decl. ¶ 14), and § 3585(b) expressly prohibits the BOP from granting credit for time "credited against another sentence." *See* United States v. Rivers, 329 F.3d 119 (2d Cir. 2003) (Bureau of Prisons could not credit defendant for time already served under state sentence, inasmuch as that time had already been credited against state sentences); Rios v. Wiley, 201 F.3d 257, 276 (3d Cir. 2000); United States

v. Dennis, 926 F.2d 768, 770 (8th Cir. 1991); Bailes v. Booker, 125 F.3d 861, 1997 WL 634099 (10th Cir. Oct. 10, 1997) (Table).

Further, to the extent Petitioner argues that he is entitled to sentence credit for the period he was in federal custody under the writ of habeas corpus ad prosequendum, from July 21, 2008 to June 26, 2009, Program Statement 5880.28 specifically addresses this situation:

> Time spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time. The primary reason for "writ" custody is not the federal charge. The federal court merely "borrows" the prisoner under the provisions of the writ for secondary custody.

BOP Program Statement 5880.28, p. 1-20B (Erickson Decl. ¶ 14, Attach. 5).   When Petitioner was taken into federal custody on the writ of habeas corpus ad prosequendum, the State of Kentucky retained primary jurisdiction over him, because he was only "borrowed" by the federal Government. *See* Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980) ("[t]he law is clear in this Circuit that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary . . . A writ of habeas corpus ad prosequendum is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction."); *see also* Jake v. Herschberger, 173 F.3d 1059, 1062 n.1 (7th Cir. 1999) (the writ permits the receiving sovereign to temporarily "borrow" a person in the custody of the sending sovereign, but because the receiving sovereign obtains limited jurisdiction over the "borrowed" prisoner, the prisoner is still under the jurisdiction of the sending sovereign, and is considered to be in the custody of the sending sovereign not the receiving sovereign); United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998); Thomas v. Brewer, 923 F.2d 1361, 1367 (9th Cir. 1991) ("When an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly.").

Petitioner failed to show that the BOP's calculation of his sentence violated the sentencing court's order.  Further, the BOP effectuated the unambiguous language of the relevant federal statutes, and the agency reasonably interpreted any ambiguous language in a manner that was not arbitrary, capricious, manifestly contrary to the statute, or an unreasonable application thereof.  Therefore, the BOP's sentence calculation is entitled to deference under Chevron.

Accordingly it is **ORDERED**:

Respondent's motion to file a surreply (doc. 13) is **GRANTED**.

And it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1) be **DENIED**.

At Pensacola, Florida this 12<u>th</u> day of March 2014.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**